IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MICHELLE BERTONIERE                                                           PLAINTIFF

v.                                                         Civil Action No. 2:09cv156-DCB-MTP

FIRST MARK HOMES, INC., et al.                                              DEFENDANTS

**ORDER**

THIS MATTER is before the court on Plaintiff's Motion [10] to Strike Affirmative Defenses. Having considered the submissions of the parties, all matters made a part of the record of this case, and applicable law, the court finds that the motion should be granted in part and denied in part, as set forth below.

Plaintiff brings this action for damages arising out of an automobile accident that occurred involving Plaintiff's automobile and a tractor-trailer rig being driven by Defendant Deltric McGraw ("McGraw") and owned by Defendant First Mark Homes, Inc. ("First Homes") and Hayes Creek Turf, Inc. In their Answer [4] to the Complaint, Defendants First Homes and McGraw (collectively, "Defendants") assert several affirmative defenses that are the subject of the instant Motion to Strike. Specifically, Plaintiff takes issue with: 1) the following portion of Defendants' response to paragraph 23 of the Complaint:[1] "it is affirmatively alleged and averred that the Plaintiff experienced injury subsequent to the event in question"; 2) Defendants' response to paragraph 29 (Count I: Negligence and Negligence *Per Se*) of the Complaint:[2] "The answering Defendants make the same response to the allegations of Paragraph 29 of Count I of the

---

[1] "The crash aggravated pre-existing medical conditions, which caused Plaintiff additional pain, discomfort and expense."

[2] "The Plaintiff reasserts and reiterates the facts and allegations contained in preceding paragraphs as if fully restated in this paragraph."

Complaint as was made to the allegations incorporated therein by reference thereto, and said responses are incorporated herein by reference thereto for answer"; 3) Third Defense, paragraph 1: "The affirmative allegations contained in the above and foregoing Answer are incorporated herein by reference thereto and made a part hereof for all purposes"; 4) Third Defense, paragraph 2: "If applicable, and subject to withdrawal, the answering Defendants assert the provisions of § 11-7-15 of the Mississippi Code Annotated (1972)[3] as a defense hereto"; 5) Third Defense, paragraph 3: "If applicable, and subject to withdrawal, the answering Defendants assert the provisions of § 85-5-7 of the Mississippi Code Annotated (1972)[4] as a defense hereto"; and 6) Third Defense, paragraph 7: "The answering Defendants assert all defenses available to them, including those of unavoidable accident, sudden emergency, and any and all affirmative defenses available to the answering Defendants."

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Motions to strike defenses are generally disfavored and rarely granted. *See*, *e.g.*, *U.S. v. Benavides*, 2008 WL 362682, at * 2 (S.D. Tex. Feb. 8, 2008) (citations omitted). However, a motion to strike a defense may be granted where the defense asserted is insufficient as a matter of law. *McCullough v. Owens Enters., Inc.*, 2008 WL 2374245, at * 3 (S.D. Miss. June 5, 2008) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). But if there is a question of law or fact regarding a particular defense, a court must deny a motion to strike. *Benavides*, 2008 WL 362682, at * 2 (citation omitted). In addition, "[a]n affirmative defense is subject to the same pleading requirements as is

---

[3] This is the comparative negligence statute.

[4] This statute governs joint tortfeasor liability.

2

the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This means that although the liberal pleadings standards applicable to claims for relief apply equally to defenses, defenses must be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.*

The court finds that, with one exception, Defendants' affirmative defenses are pled sufficiently to provide Plaintiff with notice of the defenses that are being asserted. Plaintiff may utilize the discovery process as needed to obtain further clarification. However, with respect to the portion of the Third Defense, paragraph 7, which vaguely asserts "any and all other affirmative defenses available," the court finds that it is insufficient to give Plaintiff fair notice of which defenses are being advanced and, therefore, should be stricken.

IT IS, THEREFORE, ORDERED and ADJUDGED that Plaintiff's Motion [10] to Strike Affirmative Defenses is granted in part and denied in part. That portion of the First Homes/McGraw Answer [4], Third Defense, paragraph 7, asserting "any and all other affirmative defenses available" is hereby stricken. The remainder of the motion is denied.

SO ORDERED this the 25th day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge